Filed 2/22/24 P. v. Garcia CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS PEDRO GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No.B325385<br>(Super. Ct. No. 2016017314)<br>(Ventura County) |

Jesus Pedro Garcia appeals an order denying his motion to strike a prior prison term enhancement (former Pen. Code, [1] § 667.5, subd. (b)), for his 2016 conviction for carjacking (§ 215, subd. (a)), under the resentencing provisions of section 1172.75. At the time Garcia filed his motion, he was serving a seven-year consecutive sentence for a 2019 conviction for assault with force likely to produce great bodily injury by a prisoner. (§ 4501, subd. (b).) We conclude, among other things, that: 1) the trial court had jurisdiction to decide the merits of the resentencing issue, and 2)

---

[1] All statutory references are to the Penal Code.

the court did not err because Garcia's 2019 sentence did not include a prior prison term enhancement.  We affirm.

FACTS

In 2016, Garcia pled guilty to carjacking (§ 215) and he admitted to the imposition of a prior prison term enhancement. (Former § 667.5, subd. (b).)  The trial court sentenced him to an aggregate prison term of four years – a three-year sentence for the carjacking count and a consecutive one-year sentence for the former section 667.5, subdivision (b), prior prison term enhancement.

In 2019, Garcia committed an offense while in prison.  He pled guilty to assault with force likely to produce great bodily injury by a prisoner.  (§ 4501, subd. (b).)  He was sentenced to a seven-year term to be served consecutively to the term of his 2016 conviction.

"Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) . . . amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) "Enhancements based on prior prison terms served for other offenses became legally invalid."  (*Ibid.*)  "The amendment was to be applied retroactively to all cases not yet final on January 1, 2020."  (*Ibid.*)  Thereafter, the Legislature enacted section 1172.75 (former section 1171.1, added by Stats. 2021, ch. 728, § 3; renumbered section 1172.75 by Stats. 2022, ch. 58, § 12), which provides a procedure for the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to create a list of prisoners who are "currently serving a term for a judgment that includes" a prior prison term enhancement to allow the court

2

to provide retroactive sentencing relief.  (§ 1172.75, subd. (b); *Burgess*, at p. 380.)

On June 16, 2022, pursuant to section 1172.75, CDCR circulated a list of prisoners who were serving terms that included prior prison term enhancements.  Garcia's name was on that list.

Pursuant to a procedure devised by the Ventura County Superior Court, the district attorney and the public defender, the trial court scheduled hearings after the CDCR placed Garcia's name on the list to comply with section 1172.75.

Pursuant to this procedure, the district attorney filed a brief in opposition to resentencing claiming the current sentence Garcia was serving was for his 2019 conviction which did not contain a prior prison term enhancement.  He argued Garcia was ineligible for resentencing under section 1172.75 because it applies to prisoners "currently serving a term for a judgment that includes" an invalid enhancement.  (§ 1172.75, subd. (b).) Garcia's counsel filed a responsive brief.  He claimed Garcia was eligible under the statute.  His brief included a *partial label* that it was a "petition for resentencing."

On November 3, 2022, the trial court held a hearing to determine whether to strike the prior prison term enhancement for Garcia's 2016 conviction.  At that time Garcia was serving a sentence for his 2019 conviction.  The court ruled it would not strike the enhancement because Garcia was serving a sentence for his 2019 in-prison offense which did not include a prior prison term enhancement.

DISCUSSION

*The Trial Court's Jurisdiction*

The Attorney General contends the trial court lacked jurisdiction because Garcia filed a prohibited freestanding "petition for resentencing," and such petitions are not authorized under section 1172.75.[2] He claims this appeal must therefore be dismissed. We disagree.

Section 1172.75 invalidates "prior prison term enhancements" except for sexually violent enhancements that are not applicable here. (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447.) "But section 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancement[]." (*Ibid.*) Instead, the Legislature provided an exclusive procedure whereby CDCR initiates the resentencing procedure by preparing a list of potentially eligible prisoners who have prior prison term enhancements that is sent to the court. (*Id.* at pp. 447-448.) " '[A] "freestanding motion [or petition] challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief." ' " (*Id.* at p. 448.)

The Attorney General's claim that Garcia filed a prohibited freestanding petition for resentencing is not correct. Here the CDCR initiated the statutory procedure by circulating the required list with Garcia's name as a prisoner who had a prior prison term enhancement. Thereafter, the trial court scheduled a hearing to determine whether to strike the enhancement pursuant to a procedure authorized by the district attorney, the public defender, and approved by the superior court. This approved procedure was established to comply with section

---

[2] We grant the People's motion to augment the record and Garcia's motion to augment the record.

1172.75.  The Attorney General's claim that Garcia initiated a prohibited freestanding petition is refuted by Ventura County Deputy District Attorney Michelle Contois who, in an agreed statement with the public defender, stipulates, "*The Garcia matter was calendared in accord with this agreed upon procedure and was not an unauthorized freestanding petition.*"  (Italics added.)

Moreover, the Attorney General's claim that Garcia filed an unauthorized petition is based on *part of the label* of the document Garcia's counsel filed.  On November 1, 2022, Garcia's counsel filed a "petition for resentencing *and reply to prosecution's opposition.*"  (Italics added.)  We look to the substance of that document "rather than its label."  (*Malott v. Summerland Sanitary Dist.* (2020) 55 Cal.App.5th 1102, 1110.)  This document was only a brief in response to the People's October 5, 2022, "opposition" to resentencing.  The statute does not preclude the parties from filing briefs to guide the court on whether to strike the enhancement.  (§ 1172.75.)

At the November 3, 2022, hearing, the trial court ruled this was a matter properly scheduled "for resentencing."  The district attorney asked the court to exercise its authority under section 1172.75, subdivision (c), and rule that Garcia's prior prison term enhancement did not fall within the statutory resentencing provision.  The People, now represented on appeal by the Attorney General, may not change position and now contend the court lacked the authority to act.  (*People v. Castillo* (2010) 49 Cal.4th 145, 155.)  The court's authority to rule on whether to strike the enhancement is authorized by statute.  (§ 1172.75, subd. (c).)  The claim that the court lacked jurisdiction is without merit.

*Did the Trial Court Err by Not Striking the Enhancement?*

Garcia contends the trial court erred by not striking the prior prison term enhancement. He claims: 1) he was serving one aggregate sentence composed of his original 2016 sentence and the consecutive sentence for the 2019 conviction for his offense he committed in prison; and 2) because he had only one aggregate sentence, it included the prior prison term enhancement imposed for the 2016 conviction, and the statute required the court to strike it.

But we rejected this claim in *Escobedo*. (*People v. Escobedo*, *supra*, 95 Cal.App.5th at p. 452.) We held " ' "the term for an in-prison offense" ' " begins " 'to run at the end of the prison term imposed for the original out-of-prison offenses.' " (*Ibid*.) Consequently, Garcia had two separate sentences – one for his 2016 conviction and one for his in-prison 2019 conviction. " ' "[T]he term for an in-prison offense does not become part of the aggregate prison term imposed for those offenses which were committed 'on the outside.' " ' " (*Ibid*.) " ' "The latter term starts to run at the end of the prison term imposed for the defendant's original 'outside' offense." ' " (*Ibid*.) Thus, Garcia's " 'consecutive sentence for his . . . in-prison offense is not merged or aggregated with his original term for the . . . out-of-prison offense. Instead, the two terms are treated as separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense.' " (*Ibid*.)

At the time of the resentencing hearing, Garcia had completed his sentence for his 2016 offense. He was serving a sentence for his 2019 in-prison offense, and because his sentence did not contain a prior prison term enhancement, the trial court

6

did not err by not striking the enhancement imposed for his 2016 offense.  (*People v. Escobedo*, *supra*, 95 Cal.App.5th at p. 452.)

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

7

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, William M. Quest, Deputy Public Defender, for Plaintiff and Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.